UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNDRAY KNIGHTEN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY MARTHAKIS, et al.,<br><br>Defendants. | CAUSE NO. 3:22-CV-456-JD-MGG |

OPINION AND ORDER

Undray Knighten, a prisoner without a lawyer, filed a complaint and a motion for a preliminary injunction concerning the medical care he is receiving at Indiana State Prison to control the chronic diarrhea he suffers after having his rectum and part of his colon removed due to cancer more than a decade ago. ECF 2 and 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Knighten alleges that Dr. Nancy Marthakis has been responsible for his medical care since he was transferred to Indiana State Prison in 2019. ECF 2 at 2. He contends that Dr. Marthakis has been providing constitutionally inadequate medical care by

slowly discontinuing the medication he takes to control his chronic diarrhea. *Id.* at 3. He explains that his rectum and part of his colon had been removed due to cancer, and as a result he must take certain medication to control his bowel movements; otherwise he will have uncontrollable diarrhea that causes him rawness and pain and creates a bad smell that permeates his entire unit. *Id.* at 3-4. Knighten reports that the doctor who performed the surgery told him it was important to keep his rectum area as clean as possible because if a sore develops between his buttocks, it will not heal and Knighten will need to begin using a colostomy bag. *Id.* at 4.

Knighten alleges, first, that in early February 2022, Dr. Marthakis discontinued the probiotic he had been taking. ECF 2 at 3. She told him she discontinued it because he had been ordering cookies, chips, pop, and poppers from commissary. *Id.* at 3. Knighten disputed that this was a valid reason because he has been ordering food like that from the commissary for the past 19 years without problem. ECF 3-2 at 9. Then, on June 3, 2022, Dr. Marthakis discontinued his Immodium, which Knighten alleges he needs to take three times a day, once before each meal to control his diarrhea.[1] ECF 2 at 3, 7. Now, the only medication he has to control his diarrhea is taken once, at night, but it does not always work. *Id.* at 5. Those nights when the medication does not work, he is up all night, running to the toilet with diarrhea. *Id.* Or worse, if he sleeps too deeply at

---

[1] Knighten notes that the day that Dr. Marthakis discontinued the Immodium was the same day that he refused to sign a settlement agreement in another lawsuit he has pending against her concerning the medical care she provided for his chronic diarrhea. *See Knighten v. Marthakis*, No. 3:21-cv-64-JD-MGG (N.D. Ind. filed Jan. 25, 2021). It is not clear from the complaint whether she would have known about the refusal when she discontinued the medication. But whether she knew or not is not material at this point of the proceedings.

night, he wakes up covered in his own waste and the other prisoners in his unit complain about the smell. *Id.*

The Eighth Amendment prohibits a prison official's deliberate indifference to an inmate's serious medical need. *Machicote v. Roethlisberger*, 969 F.3d 822, 827 (7th Cir. 2020). For medical professionals to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). However,

> medical professionals are not required to provide *proper* medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one *proper* way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. The Constitution is not a medical code that mandates specific medical treatment.

*Id.* (quotation marks, citations, parenthesis, and brackets omitted; emphasis added). "[A] disagreement with medical professionals . . . does not state a cognizable Eighth Amendment claim . . . ." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citation omitted). However, a constitutional violation can occur when medical providers "persisted with a course of treatment they knew to be ineffective" or caused an "inexplicable delay in responding to an inmate's serious

3

medical condition . . . if that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (quotation marks omitted).

Knighten has stated a plausible claim against Dr. Marthakis under the Eighth Amendment that she did not exercise medical judgment when she discontinued his medications. He alleges that when she discontinued those medications, he began to experience uncontrollable diarrhea again. This allows a reasonable inference that Dr. Marthakis is persisting in a course of treatment that is ineffective.

Knighten also includes as a defendant Centurion Medical, the private company contracted to provide medical care at the prison. However, "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Because Knighten's factual allegations against Centurion are based only on the alleged poor decisions that its staff made in connection with his care, he cannot proceed against Centurion.

In the motion for a preliminary injunction, Knighten is asking the court to order Dr. Marthakis to renew his Immodium and probiotic. ECF 3-1 at 1, 4. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore, injunctive relief—if granted—would be limited to requiring that Knighten be provided with constitutionally adequate medical care for his condition.

Knighten may proceed on a claim for injunctive relief to obtain medical care for his chronic diarrhea that is consistent with the Eighth Amendment. The Indiana State Prison Warden has both the authority and the responsibility to ensure that Knighten receive constitutionally adequate medical care as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Warden will be added as a defendant, and Knighten will be allowed to proceed on an official capacity claim for permanent injunctive relief.

For these reasons, the court:

(1) DIRECTS the clerk to add the Indiana State Prison Warden as a defendant;

(2) GRANTS Undray Knighten leave to proceed against the Indiana State Prison Warden in an official capacity to obtain permanent injunctive relief for constitutionally adequate medical care for his chronic diarrhea as required by the Eighth Amendment;

(3) GRANTS Undray Knighten leave to proceed against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for discontinuing the medications treating his chronic diarrhea in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Centurion Health;

(6) DIRECTS the clerk to request waiver of service from (and if necessary, the United States Marshals Service to serve process on) the Indiana State Prison Warden at the Indiana Department of Correction with a copy of this order, the complaint (ECF 2), and the motion for preliminary injunction (ECF 3) pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to request waiver of service from (and if necessary, the United States Marshals Service to serve process on) Dr. Nancy Marthakis at Centurion Health of Indiana, LLC, with a copy of this order, the complaint (ECF 2), and the motion for preliminary injunction (ECF 3) pursuant to 28 U.S.C. § 1915(d);

(8) DIRECTS the clerk to fax or email a copy of the same documents to the Indiana State Prison Warden at the Indiana State Prison;

(9) ORDERS the Indiana Department of Correction and Centurion Health of Indiana, LLC, to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information;

(10) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Indiana State Prison Warden and Dr. Nancy Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(11) ORDERS the Indiana State Prison Warden to file and serve a response to the preliminary injunction, as soon as possible but not later than **July 12, 2022**, with supporting medical documentation and declarations from other staff as necessary describing/explaining how Undray Knighten's chronic diarrhea is being treated in a manner that comports with the Eighth Amendment's requirements.

SO ORDERED on June 17, 2022

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT