UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNDRAY KNIGHTEN,

    Plaintiff,

    v.                                              CAUSE NO. 3:22-CV-456-JD-JPK

NANCY MARTHAKIS and WARDEN,

    Defendants.

## OPINION AND ORDER

Undray Knighten, a prisoner without a lawyer, is proceeding in this case on two claims. ECF 8. First, he is proceeding "against the Indiana State Prison Warden in an official capacity to obtain permanent injunctive relief for constitutionally adequate medical care for his chronic diarrhea as required by the Eighth Amendment[.]" *Id.* at 6. Second, he is proceeding "against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for discontinuing the medications treating his chronic diarrhea in violation of the Eighth Amendment[.]" *Id.* Specifically, Knighten alleged in his complaint that Dr. Marthakis discontinued his medications in February 2022 after he refused to sign a settlement agreement in another lawsuit. *Id.* at 2-3. Dr. Marthakis filed a motion for summary judgment, arguing Knighten did not exhaust his administrative remedies before filing suit. ECF 28.[1] Knighten filed a response, and

---

[1] The Warden has not moved for summary judgment.

Dr. Marthakis filed a reply. ECF 35, 36. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant

has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

Dr. Marthakis argues Knighten did not exhaust his administrative remedies prior to filing this lawsuit because he submitted a grievance and a Level I appeal but did not submit a Level II appeal to the Department Grievance Manager. ECF 30 at 4. Specifically, Dr. Marthakis provides an affidavit from the prison's Grievance Specialist, who attests to the following facts: In order to fully exhaust a grievance, an inmate must complete three steps: (1) a formal grievance; (2) a Level I appeal to the Warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 29-1 at 2, 8. On January 28, 2022, Knighten submitted Grievance 138412, complaining his probiotic medication was not going to be renewed. ECF 29-1 at 3, 29. On March 9, 2022, the grievance office denied Grievance 138412 on its merits. *Id.* at 3, 28. On March 22, 2022, Knighten submitted a Level I appeal. *Id.* at 4, 25-26. On April 7, 2022, the Warden denied Knighten's Level I appeal. *Id.* at 4, 24. Knighten did not submit a Level II appeal to the Department Grievance Manager, as was necessary to exhaust the grievance. *Id.* at 4, 21. Because Knighten does not dispute any of these facts, the court accepts them as undisputed.

In his response, Knighten concedes he did not fully exhaust Grievance 138412. Instead, he argues he exhausted his administrative remedies "the first time that he filed

3

a claim against the defendant," and that there was no need to file a new grievance for the same issue. ECF 35-3 at 5.

It appears that Knighten views this case as a continuation of the previous case he filed against Dr. Marthakis and the Warden, No. 3:21-CV-64-JD (N.D. Ind. filed Jan. 25, 2021). He filed that case after he was transferred to Indiana State Prison in August 2019, and Dr. Marthakis ordered that he receive Loperamide (also known as Imodium) twice a day, rather than the three times a day, like he had at his former facility. *Id.* at ECF 5 at 2; *Id.* at ECF 100 at 3. He was granted leave to proceed "against the Indiana State Prison Warden in an official capacity to obtain permanent injunctive relief for constitutionally adequate medical care for his chronic diarrhea and foot warts as required by the Eighth Amendment" and "against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for decreasing or discontinuing the medications treating his chronic diarrhea in violation of the Eighth Amendment[.]" *Id.* at ECF 5 at 5.

In that prior case, summary judgment was granted to Dr. Marthakis on the medical-care claim because she submitted unrefuted evidence that the medical care she provided from August 2019 through August 2021 concerning Knighten's medication was based on a combination of administrative convenience and her medical judgment that the change was appropriate. *Id.* at ECF 100 at 7-8. Summary judgment was denied as to the Warden because the record contained no evidence about the current state of Knighten's medical care in May 2022, when the summary judgment motion was filed, so the court was unable to determine whether Knighten was currently being provided with constitutionally adequate medical care. *Id.* at ECF 63 (summary judgment motion);

4

*Id.* at ECF 100 at 8-9. The Warden was given leave to file another summary judgment motion regarding the current state of Knighten's medical treatment, and he has done so. *Id.* at ECF 111.

Thus, in one sense, Knighten is correct that this case is a continuation of the previous case he has filed. The injunctive-relief claim against the Warden is duplicative and will be dismissed. *See McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888–89 (7th Cir. 2012) ("The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court. A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (cleaned up)). Here, the injunctive relief claim concerns the current state of Knighten's medical care for chronic diarrhea, and that is the same issue under consideration in the summary judgment motion in No. 3:21-CV-64-JD. Proceeding on the same claim in both cases is redundant.

The remaining issue in this case, then, is whether the claim against Dr. Marthakis concerning the change in medication in February and June 2022 must be separately exhausted or whether it is included in a prior grievance. "In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing. Separate complaints about particular incidents are only required if the underlying facts or the complaints are different." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013)

5

(internal citations omitted). Thus, Knighten may proceed if a previously exhausted grievance would encompass this claim.

Knighten's unsworn statement that he "did exhaust his administrative process the first time that he filed a claim against the Defendant," (ECF 35-3 at 5), is not sufficient to create a genuine dispute that he exhausted this claim. With her motion, Dr. Marthakis provided Knighten the notice required by N.D. Ind. L.R. 56-1(f). ECF 31. That notice explicitly told Knighten that he needed to "submit affidavits or other evidence" to dispute the summary judgment motion. *Id.* at 1. But after Dr. Marthakis met her burden to show Knighten did not exhaust, Knighten did not provide any evidence that a former grievance would cover this claim. Even assuming he did complete a grievance about the medical care Dr. Marthakis provided, he gives no information about what that grievance contained. Thus, there is no basis for a reasonable factfinder to conclude that the underlying facts of that grievance would encompass this claim, too.

Moreover, the record in this case contradicts Knighten's unsworn assertion that he has previously exhausted a grievance about the issue. The grievance records Dr. Marthakis included with her summary judgment motion indicate Knighten has not fully exhausted any grievance after his transfer to Indiana State Prison in August 2019. *See* ECF 29-1 at 21-23. In addition, Knighten's reliance on his prior case against Dr. Marthakis does not help him because the record in that case does not contain evidence of an exhausted grievance either. *See Knighten*, 3:21-CV-64-JD. In that case, no defendant raised the affirmative defense of failure to exhaust, and so the court never made a determination or received evidence about whether Knighten exhausted his

6

claim. *See id.* at ECF 27, 28 (defendants' answers not raising exhaustion). Dr. Marthakis' decision not to raise the issue of exhaustion in that case does not prevent her from doing so here. *See Massy v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) (allowing defendant to assert exhaustion defense in response to third and fourth amended complaint, even though defendant did not assert the defense in response to the first or second complaint).

Knighten makes only an unsupported assertion that he previously exhausted a grievance without explaining what this alleged grievance said, when he filed it, or what response he received. His unsworn statement that he previously exhausted his administrative remedies about this issue does not create a genuine dispute about whether that grievance would satisfy the exhaustion requirement for this claim. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"); *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough") (quotation marks, brackets, and citation omitted).

The defendant has provided undisputed evidence that Knighten did not fully exhaust Grievance 138412, and Knighten provides no evidence he exhausted any other relevant grievance. Therefore, Dr. Marthakis has met her burden to show Knighten did not exhaust his administrative remedies prior to filing this lawsuit.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the injunctive-relief claim against the Warden as duplicative of the injunctive-relief claim in No. 3:21-CV-64-JD;

(2) GRANTS Dr. Marthakis' motion for summary judgment (ECF 28);

(3) DENIES Undray Knighten's motion in opposition to Dr. Marthakis' summary judgment motion (ECF 35); and

(4) DIRECTS the clerk to enter judgment in favor of Dr. Nancy Marthakis and against Undray Knighten.

SO ORDERED on June 6, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT